BRADY *v.* WEISSENSTEIN.

SEATON *v.* SAME.

1. SCHOOLS AND SCHOOL DISTRICTS—ELECTIONS—PROPERTY OWNERS—ASSESSMENT ROLL—STATUTES.

Words "assessment roll," as used in 2 Comp. Laws 1929, § 7420, providing that qualified voter in school district whose name appears in assessment roll shall be eligible to office in such school district, mean roll as prepared by assessing officer and before submission to, and action thereon by, board of review (1 Comp. Laws 1929, §§ 3412, 3417).

2. SAME—WHEN PROPERTY OWNER ELIGIBLE TO ELECTION.

> Persons whose names did not appear on assessment roll as owners of property subject to taxes in school district for year 1931, but whose names were on said roll for 1932, as submitted by assessor to board of review, were eligible to election as officers of said school district, although said roll had not yet been approved by board of review (2 Comp. Laws 1929, § 7420).

3. SAME—MANDAMUS—ELECTION TO OFFICE.

> Plaintiffs, whose names were wrongfully kept off ballot at school election on ground that they were not eligible, and who ran on sticker ballots and received highest number of votes, are entitled to writ of mandamus requiring board of canvassers of said school district to reconvene, canvass returns, declare plaintiffs elected, and issue certificates to such effect.

Appeal from Wayne; Reid (Neil E.), and Doty (Frank L.), JJ., presiding. Submitted November 1, 1932. (Calendar Nos. 36,876–36,878.) Decided December 6, 1932.

Separate petitions for mandamus by Joseph R. Brady and Clinton V. Seaton to compel Robert Weissenstein and others, members of Board of Education of Ecorse Township School District No. 11, a municipal corporation, to place their names on ballot for members of the school board. Petition by both plaintiffs against same defendants as board of canvassers to reconvene and issue certificates of election to plaintiffs. Writs denied. Plaintiffs appeal. Reversed, and writs ordered to issue.

*Colby, Berns & Costello* (*Willard H. Bracklow*, of counsel), for plaintiffs.

*Wm. Henry Gallagher*, for defendants.

WIEST, J. This is certiorari to review mandamus. Relators in the circuit, and here termed plaintiffs, filed nominating petitions with the secretary of

the board of education of school district No. 11, Ecorse township, Wayne county, to have their names placed on the ballot for members of the school board at the election on June 13, 1932. Eligibility for candidacy required that their names appear on the assessment roll as owners of property subject to taxes in the township and school district. The names of plaintiffs were upon the assessment roll submitted by the assessor to the board of review on June 7, 1932. The school district election officers held that plaintiffs were not eligible because their names did not appear on the assessment roll for 1931, and the fact that their names appeared on the assessment roll for 1932 did not render them eligible previous to approval of such assessment roll by the board of review, and refused to place their names upon the ballot. Plaintiffs applied to the circuit court for writs of mandamus directing the school election officers to place their names upon the ballot. Such applications for writs were denied on June 9, 1932, and the ballot was printed without plaintiffs' names thereon.

Plaintiffs Brady and Seaton ran as sticker candidates and received the highest number of votes. The board of canvassers held that plaintiffs were not legally eligible for election, and, therefore, declared two others, with lesser votes, elected. Thereupon plaintiffs filed a petition in the circuit for a writ of mandamus requiring the board of canvassers to reconvene, declare plaintiffs elected, and issue certificates to such effect. The application was denied, the circuit judge ruling that the former denial was *res judicata,* and plaintiffs review by certiorari.

The question of *res judicata* is of no moment. As stated by counsel for defendants:

"A discussion of this question by us would only be academic, in view of the fact that appeals were taken

by the relators from the orders made by both Judge Reid and Judge Doty.''

The question involved is well stated in defendants' brief:

''Do the words 'assessment roll' in 2 Comp. Laws, 1929, § 7420, providing that a 'qualified voter in a school district whose name appears on the assessment roll,' etc., shall be eligible to office in such school district, refer to: (1) the roll or list prepared by the assessors before its submission to the board of review; or (2) to the roll or list after its correction and revision by the board of review, as provided for by 1 Comp. Laws 1929, § 3417?''

The question is not when the assessed tax becomes a lien, as decided in *Harrington* v. *Hilliard,* 27 Mich. 271, but whether the assessment roll is such within the meaning of 2 Comp. Laws 1929, § 7420, after it is made and completed by the assessing officer and before submission to and action thereon by the board of review:

2 Comp. Laws 1929, § 7420, provides:

''Any qualified voter in a school district whose name appears on the assessment roll and who is the owner in his own right of the property so assessed, shall be eligible to election or appointment to office in such school district.''

The general tax law, 1 Comp. Laws 1929, § 3412, provides that:

''On or before the first Monday in June in each year, the supervisor or assessor shall make and complete an assessment roll, upon which he shall set down the name of every person liable to be taxed in his township or assessment district, with a full description of all the real property therein liable to be taxed.  *  *  *  The supervisor shall estimate, according to his best information and judgment, the

true cash value of every parcel of real property and set the same down opposite such parcel."

The statute (1 Comp. Laws 1929, § 3417) provides that such assessment roll, prepared by the assessing officer, shall be submitted to the board of review for the correction of errors and to pass upon each valuation and each interest, and also provides that:

"The roll as prepared by the supervisor shall stand as approved and adopted as the act of the board of review, except as changed by a vote as herein provided."

The legislature, having termed the list of taxable persons and the property and its valuation in the assessment district "an assessment roll," did the same body, in fixing qualification for school district officers, and in employing the same term, intend the same thing or something different? The term "assessment roll" is equivocal, but, construed with reference to its employment by the legislature in 1 Comp. Laws 1929, § 3412, it means a listing of persons and property to be taxed, and a valuation of the property of each person as a basis of apportionment, and cannot be extended to subsequent approval by the board of review.

Plaintiffs were entitled to have their names upon the ballot, and, as sticker candidates, having received the highest number of votes, were entitled to certificates of election.

The holdings in the circuit court are reversed, with costs to plaintiffs, and it is ordered that writs of mandamus issue out of the circuit court, directing the school district board of canvassers to reconvene, canvass the returns, declare plaintiffs elected, and issue certificates to such effect.

CLARK, C. J., and MCDONALD, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.